## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KIMBERLY KHAMISI,<br>Petitioner, | Case No. 1:18-cv-111 |
| | Bertelsman, J. |
| vs. | Litkovitz, M.J. |
| STATE OF OHIO, *et al.*,<br>Respondents. | **REPORT AND<br>RECOMMENDATION** |

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

(Doc. 1). For the reasons stated below, the petition should be dismissed.[1]

Plaintiff brings the petition in connection with a state court criminal action currently

pending in the Hamilton County Court of Common Pleas. Attached to the petition is a bill of

particulars and indictment issued in Case No. B-1705754, charging petitioner and five other

defendants with multiple counts of tampering with records, theft, and unauthorized use of

property. (*See* Doc. 1 at PageID 20–26, 34–47).[2] Petitioner alleges that "[s]ince November 8th,

2017 my liberty has been severely restrained (along with my family members) as a result of

being fraudulently indicted and having an arrest warrant issued against me, without probable

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254.

[2] On the same date the instant petition was filed, the Court received three other habeas corpus petitions from petitioner's co-defendants. *See Jelani Khamisi v. State of Ohio*, No. 1:18-cv-110 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb. 15, 2018); *Kaia Khamisi v. State of Ohio*, No. 1:18-cv-112 (Barret, J.; Litkovitz, M.J.) (S.D. Ohio Feb. 15, 2018); *Ayinde Khamisi v. State of Ohio*, No. 1:18-cv-113 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb. 15, 2018). The same petitioners also filed a prior habeas corpus action in case number 1:17-cv-824, which has a pending Report and Recommendation to dismiss the petition for lack of prosecution. *See Jelani Khamisi v. Joseph Deters*, No. 1:17-cv-824 (Dlott, J.; Bowman, M.J.) (S.D. Ohio February 13, 2018) (Doc. 6).

cause, for exercising my unalienable rights to possess and own property." (Doc. 1 at PageID 1–2). It appears from the petition, that petitioner is currently a fugitive from justice.[3]

As an initial matter, Fed. R. Civ. P. 11 requires that every pleading, written motion, and other paper shall be signed by the party if not represented by counsel. 28 U.S.C. § 2242 further specifies that an "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." In this case, the petition is not signed by petitioner. Instead, the petition is signed by Kijai Khamisi. (*See* Doc. 1 at PageID 12). Attached to the petition is a durable power of attorney form, purporting to give Kijai Khamisi authority to handle all of petitioner's legal matters. (*Id.* at PageID 14–19). However, it does not appear that Kijai Khamisi is an attorney licensed to practice law in this Court. Kijai Khamisi has likewise not been shown to have authority to act as a "next friend" of petitioner. *See Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (setting forth requirements for a putative "next friend"). Although the Court generally would enter a deficiency order to allow petitioner to correct this deficiency, such an order is not warranted here because the petition is otherwise subject to dismissal.

A pretrial detainee, who has exhausted all available state court remedies as a prelude to seeking federal habeas relief, may seek federal habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan*, 644 F.2d 543, 546-47 (6th Cir. 1981). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable

---

[3] Petitioner indicates that "[m]y physical and emotional health has declined as a result of inconsistent meals and an inability to sleep due to constantly fearing that I will be awaken by police officers banging on the door with guns threatening to unlawfully seize me and my family" and "[a]ll of my family is being sought after like wild animals by Cincinnati Ohio Police officers with guns and I have a $7,500 bounty over my head for a crime that has not been committed, I am not confident that me or my family members will not be shot or killed as part of their every day process of making an arrest." (*Id.* at PageID 2–3).

injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971).

Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior

to the state court's entry of the final judgment of conviction is justified by considerations of

comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is

warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489 (1973); *Atkins,* 644

F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court

intervention into on-going state criminal prosecutions, the petitioner must exhaust all available

state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490;

*Atkins,* 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only

three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when

the petitioner seeks to avoid a second trial on the ground that it would violate the Double

Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner

seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea

offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d

1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v.*

*Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report

& Recommendation), *adopted,* 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.);

*Jenkins v. Kentucky,* Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3,

2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3

(E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky.

Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr.

21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr.

3

17, 2009). None of those exceptions apply here. Petitioner's claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings.

In any event, even assuming, *arguendo*, that extraordinary circumstances exist to justify this Court's intervention in the ongoing state criminal proceedings, it appears that it is subject to dismissal because petitioner has not exhausted any available state court remedies before applying for federal habeas corpus relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED** without prejudice to refiling after petitioner has exhausted all available state court remedies.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/22/18

Karen L. Litkovitz
United States Magistrate Judge

KIMBERLY KHAMISI,
Petitioner,

vs.

STATE OF OHIO, *et al.*,
Respondents.

Case No. 1:18-cv-111

Bertelsman, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations. This period may be extended further by the Court on

timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).